# SUPREME COURT.

## In the Matter of the Application of JOHN FOLEY.

The act of April 27, 1869, declares that "all votes cast at any election for any person holding the office of *Police Commissioner*, or within thirty days after he shall have resigned such office, shall be void." Whether this statute is not *unconstitutional*, as depriving the people of the right to choose any person to office who is not made ineligible by the constitution, or who is a criminal, *Quere?*

The application for a *mandamus* to the mayor of New York, requiring him to appoint the applicant to the office of *Supervisor*, denied, on the ground that the office could not be obtained, while held by another appointee, within the time that will elapse before the total abolition of the board of supervisors.

*New York Special Term, May, 1870.*

THE relator was a candidate for supervisor at the last election. Walter Roche received the highest number of votes and was elected. Henry Smith received the next highest number of votes. John Foley, the relator, received the next highest number of votes. By the statute, the mayor is directed to appoint as supervisor the person who received the highest number of votes next to the votes received by the supervisor having the returns of the board of supervisors as having been elected at the election last held. In pursuance thereof the mayor appointed Henry Smith as such supervisor on the 29th day of November, 1869.

At the time of the election and at the date of this application, Smith was one of the police commissioners for the metropolitan police district of the state of New York.

The relator claims that all votes given for Henry Smith for any other office, while he was such commissioner, or within thirty days after he shall have resigned such office, were void.

Matter of John Foley.

The relator claimed to be entitled to the appointment from the mayor, and applied to him on the 27th November last, to be so appointed.

The mayor refused to make such appointment and refused to swear him in as supervisor, alleging as a reason for such refusal that he had then appointed Mr. Smith.

The relator now applies for a *mandamus* directed to the mayor commanding him to appoint the relator to the office of supervisor.

WILLIAM O. BARTLETT, *and*
ROSWELL D. HATCH, *for relator Foley.*
AARON J. VANDERPOEL, *and*
RUFUS F. ANDREWS, *for Henry Smith.*

INGRAHAM, J.—The ground upon which this claim rests, is founded upon the provisions of the act passed April 27, 1869, ch., 339.

This statute, sixth section, provides: "If any of the said commissioners shall, after qualifying in office, accept any additional place of public trust or civil emolument, or who shall during his term of office be publicly nominated for any office elective by the people, and shall not within ten days succeeding the same publicly decline the said nomination, he shall be in either case deemed thereby to have resigned his commission, and to have vacated his office, and all votes cast at any election for any person holding the office of police commissioner, or within thirty days after he shall have resigned such office, shall be void."

There is no evidence before me to show whether Smith was ever publicly nominated as supervisor, nor whether he accepted or declined such nomination.

If it was intended to raise the question whether the office of supervisor had become vacant by omitting to decline the nomination, those facts should have been placed in evidence.

The omission to do so prevents any decision on that point.

I am, therefore, simply to decide whether the votes given for Smith, as supervisor, were properly counted for him, and justified his appointment by the mayor, or whether they are not void in pursuance of the provisions of the statutes before referred to.

There can be no doubt upon this question, so far as the provisions of the statute apply to this case.

The evidence shows Smith not only to have been a supervisor previous to the election, but that he continued in that office and acted as such, discharging the duties thereof until the election.

The votes given for him under such circumstances are by the act declared to be void.

Such votes are therefore of no validity, and should have been rejected by the canvassers.

Void votes are the same as if they were not voted, and are not to be counted or regarded as conferring any rights on the party to whom they were given.

If the votes for Smith are void, then Foley, the relator, having the highest number of legal votes after Walter Roche, was entitled to the appointment.

The objection made by the respondent, to this application, is that the statute, so far as it declares the votes given for a person holding the office of police commissioner to be void, is unconstitutional.

The question is not free from difficulty. If the case of *Barker* agt. *The People*, decided in the court of errors, (3 *Cow.*, 703,) is appcicable to this case, the legislature cannot deprive the people of the right to choose any person to office, who is not made ineligible by the constitution, or who is a criminal. In that case the chancellor said : "I therefore, conceive it to be entirely clear that the legislature cannot establish arbitrary exclusions from office, or any general regulation requiring qualifications which the constitution has not required."

I should have some hesitation in declaring an act uncon-

stitutional, in a proceeding of this character, unless there is some urgent reason for so doing.

As the present legislature have passed an act abolishing the board of supervisors since the argument of this case, which act takes effect in a short time after the election in this month, I am of the opinion that it would not be a proper exercise of the discretion which pertains to the issuing of the writ of *mandamus* to direct an appointment by the mayor at the present time.

Its effects would only be to continue a litigation which could be productive of no good results, and which would not in any manner advance the proceeding by which the relator must obtain the compensation to which he would be entitled if the act under which he claims the office is held to be valid.

Even if the mayor should now make the appointment, the possession of the office could not be obtained while held by another appointee within the time that will elapse before the total abolition of the board of supervisors.

Although I am of the opinion that the relator was properly entitled to the certificate from the canvassers, yet under the circumstances above stated, I deem it inexpedient to grant this application.

Motion denied, without costs.